WILLIAM A. ALBRIGHT, ROBERT AND JOHN DUNDAS, AND A. M. TINGLE, PLAINTIFFS IN ERROR, v. RUSSELL AND HOLMES, DEFENDANTS IN ERROR.

Promissory Notes: LIABILITY OF ASSIGNOR. A., being the payee of a promissory note, assigned the same to T., in payment for a house and lot, and to secure the payment of the note at maturity gave a mortgage on the same property, in which it was provided, that if A. should pay the note at maturity, the mortgage should be void, but "otherwise to be of full force and effect." In an action to foreclose the mortgage: *held*, that the promise of A. to pay the note was unconditional, and that he was not released by a failure to demand payment of the makers.

ERROR from the district court of Johnson county. The opinion states the case.

*S. P. Davidson and C. Gillespie*, for plaintiffs in error.

I. The petition must state all the facts necessary to constitute a cause of action. When others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties in the action, it shall be necessary to state also the kind of liability of the several parties, and the facts, as they may be, which fix their

liability.   Gen. Stat., 544, Sec. 120.   *Catlin v. Jones*, 1 Pinney (Wis.), 132.   *Field v. Nickerson*, 13 Mass., 131. *Berry v. Robinson*, 9 Johns., 121.

If the indorsee enters into a bond for a deed agreeing to convey certain premises to the indorser on condition that the maker of a certain note, transferred by indorser to indorsee, pay the same at maturity; and in case maker does not pay same, that indorser will, and the indorsee fail to demand payment of maker and give indorser notice of non-payment so as to bind him as indorser on the note; *held*, that the indorsee by his own laches made the note his own and discharged the indorser and as to him this must be considered payment, and the indorsee was compelled to convey.   *Hall v. Green*, 14 Ohio, 500.

In the petition in this case no order, judgment, or relief of any kind, is asked for against John H. and Robert Dundas, the makers of the note or either of them, and Albright cannot be subrogated to the rights of indorsees.   In case this mortgage is foreclosed and the mortgaged premises are sold, as asked for, and they do not sell for the whole amount of the debt claimed to be due, no order or execution can issue against the makers for the deficit.   Such order or execution must issue, if at all, against the mortgagor.   General Statutes, 656, Sec. 847.

If the indorsement makes Albright the guarantor, then to fix his liability he is entitled to notice of non-payment within a reasonable time after default of payment, or if the contingency upon which the liability of the guarantor is dependent, is the result of the action of the guarantee, or depends upon his option, or where, from the nature of the case, the default must come peculiarly within his knowledge, the law imposes upon him the duty of giving reasonable notice of such default to the guarantor, and the want of such notice will dis-

charge the guarantor to the extent of the loss resulting from the want of such notice. *Bashford v. Shaw*, 4 Ohio State, 266. *Forest v. Stewart*, 14 Id., 249. *Dyer v. Gibson*, 16 Wis., 561.

*T. Appleget*, for defendants in error, contended that the assignment on the back of the note partakes of the nature of a guaranty; that the execution of the mortgage was a new and absolute contract, wherein Albright promises to pay the note himself, or forfeit the property mortgaged; that the absolute promise made by Albright was made for a valuable consideration, which was nothing less than the house and lot mortgaged; that where a new and absolute contract, in relation to a promissory note, is made, the party making it is not entitled to demand of the holder that he shall make demand of the maker, or give notice of non-payment. *Reed v. Evans*, 17 Ohio, 128. *Manrow v. Durham*, 3 Hill, 584. *Ketchell v. Burns*, 24 Wend., 456.

LAKE, CH. J.

There is but a single question presented in this record; and that is simply whether the petition states facts sufficient to constitute a cause of action against William A. Albright, by whom the case is brought into this court.

It appears that the defendants, Robert and John Dundas, on the 16th day of May, 1873, gave to said Albright their promissory note for $500, payable two years from date. In July of the same year, Albright purchased from Araminta M. Tingle, another of the defendants, a house and lot, and as part payment thereof, assigned to her the note in controversy; and at the same time, to secure its payment at maturity, gave back a mortgage, in the usual form, on the same property. On the 17th of July, 1873, Mrs. Tingle duly assigned both the note and mortgage to the defendants in error, who, on the

4th of September, 1875, brought their action thereon, in due form, to obtain a foreclosure. The assignment, by which Russell and Holmes took this note and mortgage, was in these words, viz:

"For value received I hereby assign, sell and set over the foregoing mortgage, and the note therein mentioned, to Russell & Holmes, bankers. Tecumseh, July 14th, A. D. 1873.

(Signed,)                    A. M. TINGLE."

It is very clear, that by this assignment, whatever rights were possessed by Mrs. Tingle, in respect to the note and mortgage, passed to Russell and Holmes. Whatever her equities would have been as against Albright, had she retained them and brought the foreclosure suit, belong now to the defendants in error.

It is important, therefore, to inquire as to the nature of the transaction between Albright and Tingle. What was the obligation assumed by the former, when he gave the mortgage in question? Was it simply that of an indorser of negotiable paper, by which, in order to fix his liability, a demand of payment, protest, and notice of dishonor were requisite? We think not. By the terms of this mortgage he pledged the property therein described, not merely to secure the payment of the note by him according to the liability of an indorser, but rather as an original promissor, and for a new and independent consideration. By reference to the mortgage, we find this provision: "That, whereas, the said William A. Albright is indebted to the said Araminta M. Tingle in the sum of five hundred dollars as evidenced by a certain promissory note given by Robert Dundas and John H. Dundas to said Albright, dated Sheridan, Neb., May 16th, 1873, calling for five hundred dollars, two years after date, with ten per cent interest from date, and payable to said Albright or bearer; which said

note the said Albright assigns to said Araminta M. Tingle, as a part of the purchase money of the above described premises. Now, therefore, if the said William A. Albright shall pay or cause to be paid the said sum of money with the interest thereon according to the tenor and effect of said promissory note, then these presents shall be void and of no effect, otherwise to be in full force and effect." In this assignment there is: First, an acknowledgment by said Albright of a present indebtedness, in the full amount of said note to said Tingle. There is no allusion whatever to the conditional liability of an indorser; and, Second, there is an agreement that if Albright shall fail to pay the note, or cause it to be paid, at maturity, the mortgage should be of full force and effect. There was, therefore, no necessity for any demand, notice of dishonor, and protest, in order to fix the liability of Albright to pay this note.

It is clear that the petition states a good cause of action; and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.